IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clayton Thomas Jones, | ) C/A No. 6:13-2252-TMC-KFM |
|                  Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| James Dorriety, Administrator, | ) |
|                  Respondent. | ) |

## Background

This *pro se* Petitioner alleges he is a pretrial detainee at the Greenville County Detention Center ("GCDC"), and he brings this action pursuant to 28 U.S.C. § 2241. Pet. 1–15. Petitioner signed the Petition on August 12, 2013, and it was filed in the court on August 26, 2013.[1] *Id.* 15. Petitioner alleges he is being held on pending criminal state charges of kidnaping (two counts), lewd act, exploitation (three counts). *Id.* 3. He alleges his grounds for habeas corpus relief are as follows. He has been detained for almost one and one-half years without being heard in his defense; he did not commit any crime; denial of a speedy trial; and violations of due process and equal protection including illegal arrest, searches, and seizures. *Id.* 8–14. Petitioner seeks the following relief—a dismissal and acquittal of all pending criminal charges; release from the GCDC; and a handwritten letter of apology. *Id.* 11, 15.

The on-line court records from Greenville County Thirteenth Judicial Circuit Public Index reveal that Petitioner's criminal charges in the Greenville County Court of

---

[1] The court cannot discern the date the Petition was delivered to the prison mail room for filing. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to district court).

General Sessions were disposed of on August 15, 2013, and August 20, 2013.[2]  *See* Greenville County 13th Judicial Circuit Public Index, http://www.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (search "Clayton T. Jones") (last visited August 30, 2013).  It appears that three charges were dismissed, and he received a sentence of "10 yrs susp CTS" on two counts of sexual exploitation of a minor, third degree, and of "10 yrs susp 472 days bal susp w/ prob 3 yrs" on one count of sexual exploitation of a minor, third degree.  *Id.*  It appears that Petitioner is still incarcerated at the GCDC and being held on a charge of probation violation filed on August 19, 2013, because the bond was not satisfied.  *See* Greenville County 13th Judicial Circuit Public Index, http://www.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (search "Clayton T. Jones," click on "W23130637") (last visited August 30, 2013); *see also* Greenville County Government Detention Center, http://app.greenvillecounty.org/inmate_search.htm (search "Clayton Jones") (last visited August 30, 2013).

## Discussion

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any

---

[2] This court may take judicial notice of factual information located in postings on government websites.  *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

2

attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

This entire action should be dismissed because there is no longer a case or controversy. The case or controversy requirement applies to all stages of a federal case, and "[m]ootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a 'case or controversy.'" *Williams v. Ozmint*, 716 F.3d 801, 808–09 (4th Cir. 2013). "A court is deprived of jurisdiction over a case when the case becomes moot." *Id.* at 809. "A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* "A change in factual circumstances can moot a case . . . such as when the plaintiff receives the relief sought in his or her claim . . . or when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff . . ." *Id.* Here, the relief Petitioner sought when he signed the Petition was based on his allegations of

3

being detained for more than one year without a trial, denial of a speedy trial, and his contention that he did not commit a crime, and he requested dismissal or acquittal of the pending state criminal charges. After he signed the Petition, but before it was received for filing in this court, Petitioner had his day in court where he pled guilty to three counts of sexual exploitation of a minor, third degree, and he received his sentence. The other three charges were dismissed. Petitioner no longer has a legally cognizable interest in the outcome of this case because he would no longer seek an acquittal of pending charges because he, in fact, has pleaded guilty to three of the charges. Also, Petitioner has received part of the relief sought in his claim such that several of the charges were dismissed. Accordingly, this court lacks jurisdiction over this action because it is now moot.[3]

### **Recommendation**

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. Petitioner's attention is directed to the important notice on the next page.

September 10, 2013                               s/ Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

---

[3] Petitioner's current detention in the GCDC apparently is based on an August 19, 2013, charge of probation violation, and Petitioner did not raise any issues or claims in the Petition related to this charge. Thus, he is not seeking release from the GCDC in relation to the probation violation charge. In fact, when he signed the Petition on August 12, 2013, he may not even have known he was going to be charged with a probation violation.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).